IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDRES ROSABAL-
RODRIGUEZ,

           Plaintiff,

v.

THE INSURANCE COMPANY OF
STATE OF PENNSYLVANIA,
MARTEN TRANSPORT, LTD., and
GEORGE EUGENE COLEMAN,

           Defendants.

1:16-cv-1014-WSD

## OPINION AND ORDER

On March 29, 2016, Defendant The Insurance Company of the State of Pennsylvania ("ICSOP") filed its Notice of Removal [1] of this action from the State Court of Fulton County, Georgia.

The Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 4). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible

stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the complaint attached to the Notice of Removal raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction,"

and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Notice of Removal does not adequately allege Defendant Coleman's citizenship.  ICSOP alleges that Coleman "was at the time of the commencement of this action and still is a resident of Texas."  (Notice of Removal ¶ 9).  This allegation is not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship.  Travaglio, 735 F.3d at 1269.  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick, 293 F.3d at 1257-58).

The Notice of Removal must allege more specific information regarding Coleman's citizenship.  Accordingly, ICSOP is required to file an amended notice of removal stating Coleman's citizenship.  The Court notes that it is required to dismiss this action unless ICSOP provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See id. at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

3

For the foregoing reasons,

**IT IS HEREBY ORDERED** that ICSOP file an amended notice of removal, on or before April 29, 2016, that provides the information required by this Order.

**SO ORDERED** this 14th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE